IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

ANNA MICHELLE VINES-CARTER,

      Plaintiff,

v.                                        Case No. 2:15-cv-02902

VOTER REGISTRATION OF
COLUMBUS, OHIO,

      Defendant.

## PROPOSED FINDINGS AND RECOMMENDATION

On March 11, 2015, the plaintiff, Anna Michelle Vines-Carter, filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2). On March 13, 2015, the plaintiff filed what appears to be an amendment to her Complaint and a request for a protective order (ECF No. 4). This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), because the plaintiff is seeking to proceed without prepayment of fees and costs, the court is obliged to screen the case to determine if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25

(1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief may be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The plaintiff's Complaint and the proposed amendment and motion for protective order are difficult to read and largely unintelligible. Both documents are handwritten in cursive and are not legible enough to read. Moreover, the documents appear to contain incoherent sentence fragments and do not state, in clear and plain terms, facts sufficient to state a claim for relief under the requirements of Rule 8 of the Federal Rules of Civil Procedure and the *Twombly* and *Iqbal* decisions. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's documents fail to state any plausible claim upon which relief may be granted.

Moreover, the only clear fact in the plaintiff's Complaint is that she has named the Voter's Registration of Columbus, Ohio as the defendant. This federal court does not have personal jurisdiction over that defendant. The plaintiff has not demonstrated any nexus or connection to the Southern District of West Virginia that would confer personal jurisdiction over the defendant in order to warrant this court's review of the plaintiff's claim(s). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that this court lacks personal jurisdiction over the defendant and the plaintiff has failed to state any claim against the defendant which is cognizable in the United States District Court for the Southern District of West Virginia.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2) for lack of personal jurisdiction and failure to state a claim upon which relief may be granted. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Letter-Form Motion for

Protective Order (ECF No. 4) and **DENY** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs, but waive the applicable filing fee.  Finally, it is respectfully **RECOMMENDED** that the presiding District Judge warn the plaintiff that the continued filing of frivolous actions or engaging in abusive conduct in this court may result in the imposition of sanctions and/or filing restrictions.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

<u>April 10, 2015</u>

Dwane L. Tinsley
United States Magistrate Judge